# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00352-MR-WCM

| | |
|---|---|
| CARL WOMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| CARRIE HOWELL, KAREN WRIGHT, ) | |
| and SHELBY POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2] and the Plaintiff's request for the issuance of summons as to Shelby Police Department [Doc. 3].

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is the third lawsuit brought by the Plaintiff Carl Womack related to state court proceedings in which his mother, Ruth Womack, was placed in protective custody with the Rutherford County Department of Social Services and ultimately declared to be incompetent. In the first action, the Plaintiff and Ruth Womack asserted claims under 42 U.S.C. § 1983 and other federal civil rights statutes against the Rutherford County Clerk of Court and

employees of the Rutherford County Department of Social Services. [Civil Case No. 1:17-cv-00173-MR-DLH, Doc. 1]. The Court dismissed the Plaintiff's claims asserted in that action on the grounds of lack of subject matter jurisdiction, and the Fourth Circuit Court of Appeals affirmed. [Id. at Docs. 3, 8].

In the second action, the Plaintiff asserted claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242 against the guardian of his mother's estate, Merrimon Oxley. [Civil Case No. 1:18-cv-00266-MR-DLH, Doc. 1]. The Court dismissed the Plaintiff's claims as frivolous. [Id. at Doc. 3].

In the third and present action, the Plaintiff asserts claims against the Cleveland County Clerk of Court, Carrie Howell; guardian *ad litem* Karen Wright; and the Shelby Police Department. The Plaintiff asserts claims under 42 U.S.C. § 1983, 18 U.S.C. § 241, and 42 U.S.C. § 1985. [Doc. 1].

II.  **STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed in forma pauperis, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County,

S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

3

Civ. P. 8(a)(1), (2).  A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

## III. DISCUSSION

While the Plaintiff's 20-page handwritten complaint is difficult to decipher, it appears that in his first count, the Plaintiff asserts a claim under 42 U.S.C. § 1983 against the Shelby Police Department arising from a police report written by Officer D.M. Michaels regarding a motor vehicle accident in which the Plaintiff was involved in 2014.  The Plaintiff claims that the officer wrote an inaccurate report about the accident, which resulted in the Plaintiff's insurance company refusing to pay all the Plaintiff's hospital bills.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Here, the Plaintiff has not identified any particular constitutional right that was violated by the officer's actions.

Further, the Plaintiff's claim is not asserted against the individual officer but rather against the city police department. A police department, however, lacks the legal capacity to be sued. Kargarian v. PVH Div. of Charlotte Mecklenburg Police Dep't, No. 3:13-cv-398-RJC-DSC, 2013 WL 4482406, at *2 (W.D.N.C. Aug. 19, 2013). To the extent that the Plaintiff had intended to sue the City of Shelby, his claim fares no better. A municipality can be held liable only for its own illegal acts. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (stating that a municipality "cannot be held liable *solely* because it employs a tortfeasor") (emphasis in original)); see also Connick v. Thompson, 563 U.S. 51, 60 (2011) (noting that municipalities "are not vicariously liable under § 1983 for their employees' actions."). Under Monell, a municipality can be held liable under § 1983 only "if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014). The Plaintiff has not alleged that his federal constitutional rights were violated by a municipal custom, policy, or practice. For all these reasons, the Plaintiff's claim under § 1983 fails to state a cognizable claim, and it is therefore dismissed.

In his second and third counts, the Plaintiff appears to assert claims against Karen Wright and Carrie Howell under 42 U.S.C. § 1985 and 18 U.S.C. § 241. While the Plaintiff's factual allegations are difficult to decipher, it appears that the Plaintiff seeks to challenge the actions of the Clerk of Court and his mother's guardian *ad litem* during the course of the state competency proceedings. In so doing, he asserts that he is being discriminated against by the Defendants because of his gender and his social class. Specifically, he complains argues that "[y]ou have 3 women going against 1 man" and that [o]n top of that you have a Clerk of Court and two licensed attorneys discriminating against someone who is not an attorney and is not rich." [Doc. 1 at 8]. The Plaintiff further alleges that he is being discriminated against "for social class even though [he is] a member iniate [sic] of the Illuminati." [Id. at 6]. The Plaintiff's allegations in this regard are frivolous and therefore must be disregarded.

To the extent that the Plaintiff is challenging the state competency proceedings pending with respect to his mother, the Rooker-Feldman doctrine precludes the Court from considering the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of

6

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

In the present case, the Plaintiff challenges the actions of the Clerk of Court and the court-appointed guardian *ad litem* in the course of his mother's competency proceeding. Because the Plaintiff does not allege any injury

independent of what flows from the result of this state-court action, the Court concludes that these claims must be dismissed pursuant to the <u>Rooker-Feldman</u> doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the state court's order, he must do so in the North Carolina state courts.

As noted above, this is the third civil action that Mr. Womack has filed attempting to challenge the state court competency proceedings involving his mother. All these actions have now been dismissed for being frivolous, for lack of subject matter jurisdiction or for failing to state a claim. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See <u>Demos v. Keating</u>, 33 F. App'x 918, 920 (10th Cir. 2002); <u>Tinker v. Hanks</u>, 255 F.3d 444, 445 (7th Cir. 2002); <u>In re Vincent</u>, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. <u>Silvestri v. Gen. Motors Corp.</u>, 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 818 (4th Cir. 2004); <u>Vestal v. Clinton</u>, 106 F.3d 553, 555

(4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**;

(2) The Plaintiff's Complaint [Doc. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e); and

(3) The Plaintiff's request for issuance of summons [Doc. 3] is **DENIED AS MOOT**.

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: January 9, 2019

Martin Reidinger
United States District Judge